IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| RANDY MADDUX | ) |
| | ) |
| v. | ) No. 2:15-0046 |
| | ) |
| NANCY A. BERRYHILL | ) |
|     Acting Commissioner of | ) |
|     Social Security[1] | ) |

**M E M O R A N D U M**

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner") denying Plaintiff's claim for a period of disability and Disability Insurance Benefits ("DIB"), as provided under Title II of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's Motion for Judgment on the Administrative Record (Docket Entry No. 17), to which Defendant has responded. (Docket Entry No. 19).

Upon review of the administrative record as a whole and consideration of the parties' filings, Plaintiff's motion for judgment on the administrative record (Docket Entry No. 17) will be denied.

**I. INTRODUCTION**

Plaintiff filed an application for a period of disability, DIB, and SSI on October 21, 2011. *See* Transcript of the Administrative Record (Docket Entry No. 10) at 67-68.[2] He alleged a

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

[2] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding page number(s) as numbered in large black print on the bottom right corner of each page. All other filings are hereinafter referenced by the abbreviation "DE" followed by the corresponding docket entry number and page number(s) where appropriate.

disability onset date of October 17, 2011. AR 67-68. Plaintiff asserted that he was unable to work due to left arm nerve damage, a broken neck, a broken shoulder, a bruised left side, depression, and anxiety. AR 75-76.

Plaintiff's applications were denied initially and upon reconsideration. AR 67-70. Pursuant to his request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with counsel and testified at a hearing before ALJ Mary Ellis Richardson on October 22, 2013. AR 33. On April 16, 2014, the ALJ denied the claim. AR 14-16. On June 24, 2015, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision (AR 1-5), thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the court has jurisdiction. 42 U.S.C. § 405(g).

## II. THE ALJ FINDINGS

The ALJ issued an unfavorable decision on April 16, 2014. AR 14-16. Based upon the record, the ALJ made the following enumerated findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

2. The claimant has not engaged in substantial gainful activity since October 17, 2011, the alleged onset date. (20 CFR 404.1571 *et seq.,* and 416.971 *et seq.*).

3. The claimant has the following severe impairments: status post neck fusion; back disorder; status post gunshot wound; mood disorder; anxiety disorder; depressive disorder; and cognitive disorder (20 CFR 404.1520(c) and 416.920(c)).

***

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

***

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can

lift 20 pounds occasionally and 10 pounds frequently and can stand/walk and sit each 6 hours in an 8-hour workday. He could frequently climb ramps or stairs and occasionally climb ladders, ropes, or scaffolds. The claimant could frequently balance, stoop, kneel, crouch, and crawl. The claimant can frequently reach above the shoulder with the right arm and never reach above the shoulder with the left arm. The claimant should avoid working in close proximity to moving mechanical parts and in high, exposed places. The claimant is able to perform simple, and low level tasks over an 8-hour workday with appropriate breaks and is limited to work that requires occasional interaction with the public.

***

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

***

7. The claimant was born on July 26, 1980, and was 31 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a))

***

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 17, 2011, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)

AR 19-26.

### III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence in the administrative record. Accordingly, the court will discuss those matters only to the extent necessary to analyze the parties' arguments.

# IV. DISCUSSION AND CONCLUSIONS OF LAW

## A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially similar to that in *Richardson*).

The court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions

of credibility. *See, e.g.*, *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The court must accept the ALJ's explicit findings and determination, unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g.*, *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

### B. Determining Disability at the Administrative Level

The claimant has the ultimate burden of establishing an entitlement to benefits by proving his "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 432(d)(3) and 1382c(a)(3)(D); 20 C.F.R. §§ 404.1512(a), (c), and 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers, regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if he applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that he is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v.*

5

*Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that he suffers from a severe impairment that meets the 12-month durational requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are sufficiently severe as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra*; *Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render him presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to his past relevant work. *Combs, supra.* "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot

satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs*, *supra.*

If a claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). To rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the sequential evaluation process, the claim is not reviewed further. 20 C.F.R. § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

### C. The ALJ's Five-Step Evaluation of Plaintiff

In the instant case, the ALJ resolved Plaintiff's claim at step five of the five-step process. The ALJ found that Plaintiff met the first two steps but determined at step three that Plaintiff was not presumptively disabled, because he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff was unable to perform past relevant work. At step five the ALJ found that Plaintiff could perform work as a cafeteria attendant, cleaner, housekeeper, and photocopy machine operator, and thus concluded that Plaintiff has not been under a disability since the alleged onset date of October 17, 2011. AR 19-26.

### D. Plaintiff's Assertion of Error

Plaintiff argues that the ALJ erred by improperly evaluating his credibility. DE 18 at 13. Plaintiff therefore requests that this case be reversed and benefits awarded, or, alternatively, remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration. *Id.* at 17.

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g), 1383(c)(3). "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement

to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994). The court will address Plaintiff's single assertion of error below.

1. **Credibility.**

The ALJ's credibility determination is entitled to "great weight and deference." *Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 223 (6th Cir. 2010) (quoting *Jones*, 336 F.3d at 476). The Sixth Circuit has gone so far as to state that the ALJ's credibility determination is "virtually 'unchallengeable.'" *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir 2013) (internal citation omitted). When evaluating subjective complaints, the ALJ must look to see if the claimant has a medical impairment that could reasonably be expected to produce the pain alleged by the claimant and consider all other evidence that would lead to a finding of disability. 20 C.F.R. § 404.1529(a).

The ALJ in the instant matter determined that Plaintiff's allegations of disabling pain were not entirely credible. AR 24. Plaintiff argues that this determination is not supported by substantial evidence because there is objective evidence of an underlying medical condition in the record, which primarily involves a cervical injury sustained following a motorcycle accident in October of 2011, and evidence that Plaintiff received treatment for this and other conditions that failed to resolve his symptoms. DE 18 at 15-16.

It is true that Plaintiff suffers from multiple severe impairments, as identified by the ALJ. AR 19. However, there is ample evidence in the record to support the ALJ's conclusion that such impairments do not represent disabling conditions. Plaintiff testified that his primary physical issue is the spinal condition caused by the 2011 motorcycle wreck. AR 44-45. While Plaintiff suffered a cervical fracture following this accident, imaging studies performed almost one year later revealed minimal findings in the cervical spine and no bone abnormalities, thus suggesting

that Plaintiff's post-injury surgery resolved his symptoms. AR 418. The ALJ further noted that, despite Plaintiff's testimony that he has severe problems with walking and standing, Plaintiff demonstrated a normal gait and station and had negative straight leg raise examinations in both lower extremities during an encounter with Dr. William Schooley more than seven months after the accident, as well as a full range of motion in his neck, back, and lower extremities. AR 352-53.

The ALJ also highlighted the minimal findings from Plaintiff's consultative examination with Dr. Donita Keown, which revealed significant flexibility in his spine, negative straight leg raise tests, and a normal straightaway walk, tandem step, toe lift, heel walk, and one-foot stand. AR 22-23, 289. Such negative findings were properly considered by the ALJ. *See Tripp v. Comm'r of Soc. Sec.*, No. 1:08-cv-669, 2009 WL 3064726, at *7 (W.D. Mich. Sept. 21, 2009) ("A report of negative findings from the application of medically acceptable clinical and laboratory diagnostic techniques is one of the many factors that appropriately are considered in the overall assessment of credibility.") (quoting Social Security Ruling ("SSR") 96-7p).[3] The ALJ further noted that Plaintiff was "uncooperative" during the consultative examination with Dr. Keown, which included a failure to participate in many of the exercises administered by Dr. Keown. AR 24, 289. Plaintiff's obstinacy in this regard provides further support for the ALJ's credibility determination. *See Tuttle v. Soc. Sec. Admin.*, No. 2:13-0045, 2016 WL 3039651, at *4 (M.D. Tenn. Apr. 29, 2016), *report and recommendation adopted sub nom.* 2016 WL 3031608 (M.D. Tenn. May 27, 2016) (holding that substantial evidence supported an ALJ's

---

[3] SSR 96-7p has been superseded by SSR 16-3p, which became effective on March 28, 2016. However, because Plaintiff's complaint was filed in August of 2015, SSR 96-7p applies to the undersigned's analysis of this claim. *See Cameron v. Colvin*, No. 1:15-cv-169, 2016 WL 4094884, at *2 (E.D. Tenn. Aug. 2, 2016) ("It is well-established that, absent explicit language to the contrary, administrative rules do not apply retroactively.") (internal citation omitted).

decision to discount a claimant's credibility based in part on his failure to cooperate with a consultative physical examination).

Additionally, and crucially, the ALJ noted that Plaintiff provided inconsistent testimony and has repeatedly exhibited behavior that significantly undermines his credibility. During his hearing before the ALJ, Plaintiff testified that he had never ingested any drugs other than those prescribed to him by his physicians. AR 47, 51. Plaintiff also testified that he had not consumed alcohol since the motorcycle accident in 2011. AR 51. Yet an office note from the Pain Management Group in October of 2012 documents an "abnormal" drug screen and a "recent episode of stolen medications," as well as Plaintiff's continued efforts to combine opioids with alcohol consumption, all of which led to the Pain Management Group's decision to discontinue Plaintiff's pain management program. AR 408. Notably, Plaintiff also testified during his hearing that he had recently been incarcerated for "public intoxication" (AR 50), which demonstrates that Plaintiff continued to use alcohol well into 2013.

A prior Pain Management Group note from September of 2012 also states that Plaintiff "has a history of abnormal [drug] screening, abnormal prescription database checks, and/or aberrant behavior." AR 411. Such evidence strongly refutes Plaintiff's testimony that he "passed every drug test they gave me" (AR 51) and bolsters the ALJ's decision to discount Plaintiff's credibility, as drug-seeking behavior "can form a basis for rejecting a claimant's testimony regarding pain and limitations." *Jackson v. Comm'r of Soc. Sec.*, No. 1:14-cv-628, 2015 WL 4611472, at *7 (W.D. Mich. July 31, 2015) (internal citations omitted). *See also Jones,* 336 F.3d 469, 476-77 (finding that the ALJ's credibility determination was reasonably based on the claimant's inconsistent hearing testimony).

Plaintiff's brief addresses none of this evidence, but instead perfunctorily references the treatment he received from various providers. DE 18 at 15-16. This recitation of treatment fails to overcome the significant evidence discussed by the ALJ in support of her decision to discount Plaintiff's credibility. The court therefore rejects this assertion of error and concludes that substantial evidence supports the ALJ's determination.

## V. CONCLUSION

For the above stated reasons, Plaintiff's Motion for Judgment on the Administrative Record (DE 17) will be denied. An appropriate Order will accompany this memorandum.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE